**H. H. Erickson, Defendant in Error, v. J. B. Madsen, Trading as J. B. Madsen & Company, Plaintiff in Error.**

**Gen. No. 17,324.**

1. MUNICIPAL COURT—*effect of defendant's failure to file affidavit of merits.* When defendant fails to file an affidavit of merits as required by the rules of the Municipal Court, plaintiff is entitled to a judgment as in a case of default for the full amount due as shown by his affidavit of claim.

2. MUNICIPAL COURT—*effect of failure of defendant to verify his affidavit of merits and claim of set-off.* Where defendant's affidavit of merits and claim of set-off is not verified as required by the Municipal Court rules he is not entitled to have his defense or claim of set-off considered by the Municipal Court and is in no position to ask the Appellate Court to consider errors assigned.

3. APPEALS AND ERRORS—*effect of failure to file cross errors.* Where no cross errors are assigned, error, if any, in allowing plaintiff in error a set-off for a sum for work and materials in an action for an amount deposited on an order is not available.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed May 21, 1913.

STEDMAN & SOELKE, for plaintiff in error.

CULVER & KING, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

On October 15, 1909, at about four o'clock in the afternoon defendant in error ordered plaintiff in error, who is a manufacturer of store, and office furniture and fixtures, to make up for him some store fixtures for an agreed price of $297.50, the same to be completed within two weeks from that date and paid $100 down on the order. The entire transaction was had between defendant in error, acting for himself, and one George Banks, acting for plaintiff in error. Banks

was manager of the business for plaintiff in error. No question is raised as to the authority of Banks, the manager, to make the contract and receive the $100. Defendant in error testified on the trial that about eight o'clock on the following morning, October 16, 1909, he called plaintiff in error by telephone and talked with Banks, the manager, and told him to hold up the order, because defendant in error "had not as yet settled as to his lease;" that in a few days he called in person at the factory of plaintiff in error and had another talk with Banks, and told him he could not get his lease and did not want the fixtures, and "would have to call the deal off," and asked Banks for the $100 he had deposited; that Banks said he was sorry, but that it was all right and he would cancel the order; that Banks said he could not give defendant in error his money back then, because Mr. Madsen, would have to sign the check, but it would be mailed to him the next day; that the check was not received by him, as promised, and he went to the factory again several times, and finally saw Mr. Madsen and told him that his manager, Mr. Banks, had agreed to cancel the order and return the money; that plaintiff in error refused to return the $100, but offered to return $75, saying his men had spent two or three days on the order and he could not afford to have them do that for nothing. Both Banks and plaintiff in error deny the statements of defendant in error, relating to the cancellation of the order and the promise to return the $100, and the offer to return $75 of it, except that they each admit defendant in error came to them and asked that it be done.

Defendant in error brought suit in an action of the fourth class in the Municipal Court, and stated his cause of action to be on the promise of plaintiff in error to return to him $100 deposited by him with plaintiff in error on an order for store fixtures, which had been canceled by agreement of parties. This statement of claim was duly verified, as required by

rule 16 of the Municipal Court. Plaintiff in error entered his appearance and with it filed as his only defense what he calls a claim of set-off for damages for work performed and materials used, amounting to $136, for which he prays judgment. The abstract of the record mentions this paper as "defendant's affidavit of merits and claim of set-off." A reference to the record discloses that the paper evidently intended for an affidavit of merits and claim of set-off was never in fact verified. The jurat does not even purport to be signed by any officer authorized to administer oaths. With the record in that condition the case was tried by the court without a jury and resulted in a finding and judgment for defendant in error for $75.

Under the rules of practice in the Municipal Court, plaintiff in error having failed to file an affidavit of merits, defendant in error was entitled to a judgment as in case of default for the full amount due, as shown by his affidavit of claim. Plaintiff in error was not entitled to have his defense or claim of set-off considered by the Municipal Court, and is in no position to ask this court to consider the errors assigned on this record. As attorneys for defendant in error have made no point of the want of compliance with the rules of practice of the Municipal Court, and as the judgment must be affirmed on the merits of the case, we dismiss the subject from our consideration.

It is undisputed that the goods were ordered and $100 deposited by defendant in error with the order. It is undisputed that defendant in error undertook to cancel the order before the goods ordered were manufactured. Whether Banks, the manager for plaintiff in error, who took the order and the $100, was authorized to consent to the cancellation of the order and bind his principal to return the $100; whether such manager did consent to such cancellation and did agree to return to defendant in error the $100; whether plaintiff in error had in fact done anything towards the manufacture of the goods before the order was

canceled and how much he was injured, if at all, by the cancellation of the order, were all questions of fact to be determined by the trial court, and its determination of such facts should not be lightly disturbed. The certified statement of facts discloses that the court found that the order was "canceled and rescinded as testified to by the plaintiff," and that the court allowed plaintiff in error $25 for work performed and materials used prior to the cancellation of the order, and rendered judgment against plaintiff in error for $75, the balance of the amount deposited with plaintiff in error after deducting the amount allowed for work and material furnished. We are unable to say that in so doing the court erred to the prejudice of plaintiff in error. If any error was committed by the court, it was in allowing plaintiff in error the $25 for work and materials, but as there are no cross-errors assigned, this error is not available here.

The judgment of the Municipal Court is, therefore, affirmed.

*Judgment affirmed.*